NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN HOYT FULLEN, AKA John Fullen, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SCOTT MASCHER, Sheriff at Yavapai County Detention; JEFF NEWNUM, Captain at Yavapai County Detention; BARBEY, First Name Unknown, Sgt. at Yavapai County Detention; YAVAPAI COUNTY BOARD OF SUPERVISORS; SHEILA POLK, Board Supervisor at Yavapai County Board of Supervisors, <br><br> Defendants-Appellees. | No. 23-15381 <br><br> D.C. No. 3:22-cv-08000-JJT-JZB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 5, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant John Fullen, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 action based on his failure to prosecute. We have jurisdiction pursuant to 28 U.S.C. § 1291, review the district court's Federal Rule of Procedure 41(b) order for an abuse of discretion, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), and affirm.

The district court dismissed Appellant's action after concluding that he failed to participate meaningfully in discovery during the year following the filing of his complaint. According to Appellant, Appellees had possession of, and refused to disclose, "copies of the requests and grievances [he] submitted." He therefore places the blame for his deficient discovery responses on Appellees. But the record contains no indication that Appellant requested any discovery from Appellees pursuant to the Federal Rules of Civil Procedure. Moreover, Appellant does not challenge the district court's findings that he (1) refused to engage in Appellees' meet and confer efforts, (2) refused to execute releases in a way that would have allowed Appellees to obtain medical documents, and (3) failed to provide supplemental responses to Appellees' requests for admission and interrogatories.

We therefore conclude that the district court's decision to dismiss this case without prejudice—a lesser sanction than dismissing the case *with* prejudice—was not an abuse of discretion. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640–41 (9th

Cir. 2002) (permitting reversal only when the appellate court has "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992))).

Finally, we grant Appellees' request to strike the documents Appellant attached to his opening brief as pages 7 through 39. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."). We also grant Appellant's motion to waive the requirement that he file multiple copies of his opening brief. *See* Dkt. No. 17.

**AFFIRMED.**